IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 22-271** |
| | : | |
| **HENRY PEARSON** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                **September 25, 2023**

  Pennsylvania state courts convicted Henry Pearson six times over the past several years for possessing illegal drugs with intent to deliver and for a firearm offense.[1] He continued serving a term of state court probation in June 2022 when Philadelphia Police officers saw Mr. Pearson engage in what they believed to be a narcotics transaction. Police believed Mr. Pearson may have a weapon when they saw him reach for a fanny pack or satchel used in the suspected narcotics transaction. Police stopped Mr. Pearson and recovered a semi-automatic pistol from the satchel.[2] Police later confirmed the pistol recovered from Mr. Pearson had been reported stolen two months earlier.[3] Police also recovered a total of forty-nine packets of suspected crack cocaine totaling approximately 5.86 grams and nine packets of suspected marijuana totaling approximately 1.79 grams.[4] Lab tests later confirmed the packets contained crack cocaine and marijuana.[5]

  Our grand jury indicted Mr. Pearson on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) arising from the June 2022 offense.[6]

Mr. Pearson now moves to dismiss count three of the Indictment charging him with possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. § 922(g)(1).[7] He argues the section 922(g)(1) charge is unconstitutional both on its face and as applied to him following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[8] and the en banc decision of our Court of Appeals in *Range v. Attorney General*.[9] The United States opposes Mr. Pearson's motion.[10] We deny Mr. Pearson's motion to dismiss count three.

***We find no basis to overcome Congress's presumptively lawful regulation of firearms held by long-time drug dealers on probation when arrested again for drug dealing with guns.***

Our Court of Appeals earlier this year in *Range* directed us to ask two questions when evaluating constitutional challenges to section 922(g)(1) charges: (1) is Mr. Pearson one of "the people" protected by the Second Amendment; and (2) does the United States demonstrate its firearms regulation at section 922(g)(1) is consistent with the Second Amendment's text and historical understanding.[11] There is no dispute Mr. Pearson is one of "the people" protected by the Second Amendment as the United States concedes.[12]

Moving to the second question, we ask whether the United States meets its burden to demonstrate section 922(g)(1) as applied to Mr. Pearson "is consistent with the Nation's historical tradition of firearm regulation."[13] Mr. Pearson argues the United States cannot identify a tradition of firearm regulation like section 922(g)(1)'s application to "people like [him]."[14] We disagree with Mr. Pearson given his unique criminal history. We conclude the United States meets its burden particularly given the presumption of lawful regulation of drug dealers using guns.

We begin with the Supreme Court's analysis in *District of Columbia v. Heller* explaining the right secured by the Second Amendment is "not unlimited" and recognized "[f]rom Blackstone through the 19th–century cases, commentators and courts routinely explained that the right was not

2

a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."[15] The Court explained "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms," all "presumptively lawful regulatory measures."[16] Mr. Pearson tellingly does not mention our Supreme Court's starting point in the analysis detailed fifteen years ago in *Heller*.

The Supreme Court returned to the Second Amendment last year in *Bruen* addressing a rifle and pistol association's challenge to New York state's gun licensing law requiring an applicant wishing to carry a firearm outside his or her home to prove "proper cause exists" to issue the license.[17] The Supreme Court held New York's law violates the Fourteenth Amendment because it "prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."[18] We must be mindful the Court in *Bruen* did not abrogate *Heller*. Justice Kavanaugh, concurring in *Bruen*, emphasized the Second Amendment, "properly interpreted," allows a "variety" of gun regulations as recognized by the Court in *Heller*.[19] Justice Alito, concurring in *Bruen*, also noted the Court's holding means only a state may not enforce a law "effectively prevent[ing] its law-abiding residents from carrying a gun for [self-defense]" and "[t]hat is all we decide."[20] Justice Alito emphasized the Court's holding in *Bruen* "decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* … about restrictions that may be imposed on the possession or carrying of guns."[21]

3

The continuing vitality of the Supreme Court's repeatedly reaffirmed lessons in *Heller* confirms longstanding prohibitions on felons possessing firearms are "presumptively lawful regulatory measures."  We are mindful of Judge Ambro's concurrence a few months ago in *Range* to "explain why the Government's failure to carry its burden ***in this case*** does not spell doom for § 922(g)(1). It remains 'presumptively lawful.'"[22] Judge Ambro explained the reason why section 922(g)(1) remains "presumptively lawful" is "because it fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly functioning of society. That [Mr.] Range does not conceivably pose such a threat says nothing about those who do. And I join the majority opinion with the understanding that it speaks only to his situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like."[23]

We read the Supreme Court's teachings in *Heller* and *Bruen* to invalidate firearms restrictions on "law-abiding" citizens with "ordinary self-defense needs."[24] By our Court of Appeals's direction, *Range* is a "narrow" decision; a majority of the en banc court held only "[b]ecause the Government has not shown that our Republic has a longstanding history and tradition of ***depriving people like [Mr.] Range of their firearms,*** [section] 922(g)(1) cannot constitutionally strip him of his Second Amendment rights."[25]

Mr. Pearson's multiple felony convictions on drug distribution and a firearm offense makes him unlike Mr. Range. He is not the "law-abiding" citizen seeking relief in *Heller* and *Bruen*. There is nothing abrogating the Supreme Court's recognition in *Heller* and reaffirmed in *Bruen* of "presumptively lawful" "longstanding prohibitions on the possession of firearms by felons."

We join our colleagues not persuaded by identical arguments raised by defendants in the past two months based on *Range* and denying similar motions to dismiss section 922(g)(1)

4

charges.[26] We also conclude the historical record confirms the need for dispossession statutes affecting a repeat offender with felony possession with intent to deliver or distribute illegal drugs. We, like Judge Pappert, see "guns and drugs" as a "dangerous combination" increasing the risk of violence addressed by Congress in dispossessing significant long-time drug dealers of firearms.[27] And, like Chief Judge Brann, we also note "[t]here are few crimes that pose a greater risk to the public than drug trafficking, and fewer still where the dangerous connection between the crime and possession of firearms is more present or better understood."[28] To hold "section 922(g)(1) unconstitutional as applied to such individuals would effectively strip Congress of the ability to protect the public from a clear and present danger."[29]

We are mindful of two recent decisions (now on appeal) finding section 922(g)(1) unconstitutional as applied to persons with earlier convictions for possessing narcotics with intent to distribute. We are not persuaded by the reasoning in those decisions given the presumptively lawful regulatory measures enacted by Congress in section 922(g)(1).[30] We cannot reach so far as to find section 922(g)(1) is facially unconstitutional on any ground or as applied to Mr. Pearson.

Section 922(g)(1) is constitutional both on its face and as applied to Mr. Pearson. We deny his motion to dismiss count three of the indictment.

---

[1] ECF No. 49 at 3, n. 4.

[2] *Id.* at 2–4.

[3] *Id*. at 3, n. 4.

[4] *Id.*

[5] *Id.*

[6] ECF No. 1.

---

[7] ECF No. 38.

[8] 142 S. Ct. 2111 (2022).

[9] 69 F.4th 96 (3d Cir. 2022).

[10] ECF No. 49.

[11] *Range*, 69 F.4th at 101–04.

[12] ECF No. 49 at 14.

[13] *Range*, 69 F.4th at 103 (quoting *Bruen*, 142 S. Ct. at 2130).

[14] ECF No. 38 at 5–7.

[15] 554 U.S. 570, 626 (2008).

[16] *Id.* at 626–27 and n. 26.

[17] *Bruen*, 142 S. Ct. at 2122–23.

[18] *Id.* at 2156.

[19] *Id.* at 2162.

[20] *Id.* at 2157.

[21] *Id*.

[22] *Range*, 69 F.4th at 109–10 (emphasis added) (quoting *Bruen*, 132 S. Ct. at 2162 (Kavanaugh, J., concurring)).

[23] *Id.* at 110.

[24] *Heller*, 554 U.S. at 635; *Bruen*, 142 S. Ct. at 2122, 2156.

[25] *Id.* at 106 (emphasis added).

[26] *See United States v. Blackshear*, No. 23-159, 2023 WL 5985284 (E.D. Pa. Sept. 14, 2023) (Pappert, J.) (denying as-applied challenge to § 922(g)(1) by defendant with multiple felony drug and firearm convictions based on *Heller* and history of disarming dangerous individuals); *United States v. Ames*, No. 23-178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.) (denying as-applied challenge to section 922(g)(1) by defendant with felony robbery and firearm convictions based on *Heller's* "presumptively lawful" and longstanding felon dispossession statutes); *Unites States v. Minter*, No. 22-155, 2023 WL 6051265 (M.D. Pa. Sept. 15, 2023) (Mariani, J.) (denying

as-applied and facial challenge to section 922(g)(1) by defendant with felony drug convictions based on *Heller* and historical statutes disarming individuals "deemed dangerous, untrustworthy, or unlikely to abide by the law" as proper historical analogues to section 922(g)(1)); *United States v. Reichenbach*, No. 22-57, 2023 WL 5916467 (M.D. Pa. Sept. 11, 2023) (Brann, C.J.) (denying as-applied and facial challenge to section 922(g)(1) by defendant with felony drug convictions based on historical prohibitions on the possession of firearms sufficiently analogous to section 922(g)(1) prohibiting drug traffickers from possessing firearms).

[27] *Blackshear*, 2023 WL 5985284 at *3 (quoting *Smith v. United States*, 508 U.S. 233, 240 (1993)).

[28] *Reichenbach*, 2023 WL 5916467 at *9.

[29] *Id.*

[30] *United States v. Quailes*, No. 21-176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023) (Wilson, J.), *appeal docketed*, No. 23-2533 (3d Cir. Aug. 24, 2023); *United States v. Harper*, No. 21-236, 2023 WL 5672311 (M.D. Pa. Sept. 1, 2023) (Wilson, J.), *appeal docketed*, No. 23-2604 (3d Cir. Sept. 6, 2023).